# IN THE SUPREME COURT OF THE STATE OF NEVADA

JMB CAPITAL PARTNERS MASTER
FUND, L.P.; CALDWELL FB I LLC;
FULCRUM CREDIT PARTNERS LLC;
STEELMAN PARTNERS LLP; JOINT
CHINA COMMERCE LIMITED; AND
CONCAVE INVESTORS, LLC,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
DISTRICT JUDGE,
Respondents,
  and
SONEET R. KAPILA, NOT
INDIVIDUALLY BUT AS CHAPTER 7
TRUSTEE OF FONTAINEBLEAU LAS
VEGAS HOLDINGS, LLC,
FONTAINEBLEAU LAS VEGAS, LLC,
FONTAINEBLEAU LAS VEGAS
CAPITAL CORP., FONTAINEBLEAU
LAS VEGAS RETAIL PARENT, LLC,
FONTAINEBLEAU LAS VEGAS
RETAIL MEZZANINE, LLC,
FONTAINEBLEAU LAS VEGAS
RETAIL, LLC; W&W-AFCO STEEL
LLC; COMMERCIAL ROOFERS, INC.;
DIELCO CRANE SERVICE, INC.;
DESERT MECHANICAL, INC., F/K/A
DESERT PLUMBING & HEATING CO.,
INC.; AMERICAN BUILDING SUPPLY,
INC., F/K/A DOOR & HARDWARE
MANAGEMENT, INC.; EBERHARD
SOUTHWEST ROOFING, INC.; FISK
ELECTRIC COMPANY; L.A. NEVADA,
INC., D/B/A G&G SYSTEMS; GEO CELL

No. 78008


FILED

MAR 21 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
    DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

19-12719

SOLUTIONS, INC.; J.F. DUNCAN INDUSTRIES, INC.; JS&S, INC.; LALLY STEEL, INC.; NORTHSTAR CONTRACTING GROUP, INC., F/K/A LVI ENVIRONMENTAL OF NEVADA, INC.; MARNELL MASONRY, INC.; MIDWEST PRO PAINTING, INC.; MODERNFOLD OF NEVADA, LLC; AGGREGATE INDUSTRIES-SWR, INC.; WATER FX, LLC; F. RODGERS CORPORATION; CORESLAB STRUCTURES (L.A.) INC.; KEENAN, HOPKINS, SUDER & STOWELL CONTRACTORS, INC.; DAYCO FUNDING CORPORATION; AIR DESIGN TECHNOLOGIES, LLC; AIRTEK PRODUCTS LLC; JOHNSON CONTROLS INTERNATIONAL, PLC; ALLEGHENY MILLWORK & LUMBER CO.; L&P INTERIORS, LLC; HONEYWELL INTERNATIONAL, INC.; THE PENTA BUILDING GROUP, INC.; RAM CONSTRUCTION SERVICES OF MICHIGAN, INC.; GRAYBAR ELECTRIC COMPANY, INC.; GIROUX GLASS INC.; FARMSTEAD CAPITAL MANAGEMENT, LLC; JBA CONSULTING ENGINEERS, INC.; BERGMAN, WALLS & ASSOCIATES; YWS ARCHITECTS, LTD.; TMCX NEVADA, LLC; JOHN A. MARTIN & ASSOCIATES OF NEVADA, INC.; SCOGGIN WORLDWIDE FUND, LTD.; SCOGGIN INTERNATIONAL FUND, LTD.; SCOGGIN CAPITAL MANAGEMENT II, LLC; LOCKWOOD, LLC; AMERICAN CRANE AND HOIST ERECTORS, LLC; REPUBLIC TOWERS AND HOIST, LLC; REPUBLIC CRANE SERVICE, LLC; TRACY & RYDER LANDSCAPE; CASHMAN EQUIPMENT

SUPREME COURT
OF
NEVADA

(O) 1947A

COMPANY; GCP APPLIED
TECHNOLOGIES, INC., F/K/A W.R.
GRACE & CO.; SUPERIOR TILE &
MARBLE, INC.; MIDWEST DRYWALL
CO., INC.; WEST EDNA &
ASSOCIATES, D/B/A MOJAVE
ELECTRIC, INC.; TRACTEL, LTD.;
TRACTEL, INC.; TECHNICOAT
MANAGEMENT, INC.; CEMEX
CONSTRUCTION MATERIALS
PACIFIC, LLC; GERDAU
REINFORCING STEEL, F/K/A PACIFIC
COAST STEEL AND CENTURY STEEL,
INC.; SCHWIMMER DRAPERY, INC.;
LAS VEGAS SANDS CORP.; DERR AND
GRUENEWALD CONSTRUCTION CO.;
AND RONCELLI, INC.,
Real Parties in Interest.

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This original petition for extraordinary writ relief challenges a district court order denying, in part, a motion to disqualify counsel. Certain real parties in interest have filed an answer, as directed, and petitioner JMB Capital Partners Master Fund, L.P., has filed a reply.

In this mechanic's lien action, JMB Capital, along with other petitioners who have joined in this matter, asserts that the district court should have disqualified certain real parties in interest's counsel, Peel Brimley LLP, based on an RPC 1.9 conflict of interest between the firm's current representation of lienholder parties and its former representation in a related matter of other lienholders whose lien rights have been assigned to JMB Capital and the other petitioners. In particular, JMB Capital argues that, by attacking its own previous lien work on behalf of its clients in the current litigation, Peel Brimley has compromised the integrity of the

SUPREME COURT
OF
NEVADA

(O) 1947A

district court proceedings and created an impropriety in carrying out its duties of loyalty and confidentiality to its former clients.

In extraordinary circumstances, we may exercise our discretion to issue a writ of mandamus to compel the performance of a legally required duty or to control an arbitrary or capricious exercise of discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see also Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev., Adv. Op. 101, 407 P.3d 702, 706, 707 (Nev. 2017). Although JMB Capital raises serious concerns about the propriety of Peel Brimley's representation in this matter, after considering the petition, answer, and reply, we are not convinced that these circumstances are so extraordinary as to warrant our intervention by writ of mandamus.

Lawyers typically may not switch sides or attack their own work, and former clients may uphold this rule through a motion to disqualify. RPC 1.9; *see Restatement (Third) of the Law Governing Lawyers* § 132 (2000). Here, however, it is not the former client who moved to disqualify Peel Brimley, but an assignee of the former client. Further, an outside firm is ostensibly handing the matters related to Peel Brimley's former clients on behalf of its current clients (although the extent of the outside firm's associations with Peel Brimley are questioned), the underlying lien litigation has been pending for years, and trial is scheduled to begin soon. Ultimately, the district court not only recognized the serious concerns potentially posed by Peel Brimley's current representation but also acted to balance those concerns with other interests by refusing to disqualify Peel Brimley but also precluding Peel Brimley from alleging fraud in its previous work. *See Brown v. Eighth Judicial Dist. Court*, 116 Nev. 1200, 1205, 14 P.3d 1266, 1269-70 (2000) ("Courts deciding attorney

SUPREME COURT
OF
NEVADA

(O) 1947A

4

disqualification motions are faced with the delicate and sometimes difficult task of balancing competing interests: the individual right to be represented by counsel of one's choice, each party's right to be free from the risk of even inadvertent disclosure of confidential information, and the public's interest in the scrupulous administration of justice. While doubts should generally be resolved in favor of disqualification, parties should not be allowed to misuse motions for disqualification as instruments of harassment or delay." (internal citations omitted)). Thus, the district court recognized the relevant interests in this matter and addressed them, and we have every confidence that the court will continue to recognize and address any conflict-of-interest concerns as they arise in the future. Given the circumstances, we cannot conclude that the district court exercised its discretion in a manner so as to warrant our extraordinary intervention under the standards governing mandamus, and we thus decline to consider the merits of this matter at this time. Accordingly, we

ORDER the petition DENIED.[1]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Cadish

---

[1]In light of this order, we deny JMB Capital's emergency motion for stay.

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Lemons, Grundy & Eisenberg
Marquis Aurbach Coffing
Goldberg Segalla LLP/Miami
Bailey Kennedy
Mead Law Group
Hejmanowski & McCrea LLC
Woods Erickson & Whitaker LLP
Holley, Driggs, Walch, Fine, Puzey, Stein, Thompson/Las Vegas
Peel Brimley LLP/Henderson
Snell & Wilmer, LLP/Las Vegas
Ellsworth & Bennion Chtd.
Kozyak Tropin & Throckmorton LLP
Foley & Oakes, PC
Clifford Law Offices
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Weil & Drage, APC
Kemp, Jones & Coulthard, LLP
Kolesar & Leatham, Chtd.
Eskin Law Offices
Viloria, Oliphant & Aman L.L.P.
Holland & Hart LLP/Las Vegas
Backus, Carranza & Burden
Allison Law Firm, Chtd.
Howard & Howard Attorneys PLLC
A1-Truman Law Firm, P.C.
McDonald Carano LLP/Las Vegas
Payne & Fears LLP
Law Offices of Stephen T. Cummings
Grant Morris Dodds PLLC
Lynberg & Watkins/Orange
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A